# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARWA KHADR and MOHAMMED A. REDA, **Plaintiffs** | No. 3:10cv2363 (Judge Munley) |
| v. | |
| ERIC HOLDER, Attorney General of the United States; JANET NAPOLITANO, Secretary, Department of Homeland Security; ALEJANDRO MAYORKAS, United States Citizenship and Immigration Services, **Defendants** | |

## MEMORANDUM and ORDER

Plaintiff Marwa Khadr is married to Plaintiff Mohammed Reda. (Doc. 1, Compl. ¶ 8). Khadr is a United States citizen, and Plaintiff Reda is a citizen of Egypt. (Id. ¶¶ 6 - 7). Plaintiff Reda sought to become a permanent resident of the United States. On December 21, 2009, Plaintiff Khadr filed an immigration form I-130 "petition for alien relative" and an I-485 "application to adjust status" on Reda's behalf with the United States Bureau of Citizenship and Immigration Services ("USCIS"). The complaint asserts that plaintiffs have taken the steps necessary to have the petition and application ruled upon, but the defendants have not made decisions on the two matters. (Id. ¶ 23). Thus, plaintiffs instituted this lawsuit in the form of a "Complaint for Writ of Mandamus." They seek to have the court compel the defendants to adjudicate and complete plaintiffs' I-130 petition and I-485 application. (Id.)

On February 3, 2011, the defendants filed a motion to dismiss the complaint, on February 8, 2011, and they filed a brief in support of the motion. (Docs. 3 & 4). Plaintiffs have filed no brief in opposition to the motion.

The defendants argue that the complaint should be dismissed as

moot because, since its filing, the USCIS completed its adjudication of the petition and application and did so in Plaintiff Reda's favor.  (See Exh. A to Defendants' Motion).

We will grant the defendants' motion and dismiss the case as moot. "The mootness doctrine is centrally concerned with the court's ability to grant effective relief: If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot." Ehrheart v. Verizon Wireless, 609 F.3d 590, 596 (3d Cir. 2010) (quotation marks and internal citation omitted). The plaintiffs seek to have the court order the defendants to rule upon the application and petition regarding Plaintiff Reda's immigration status. Since the filing of the complaint, the government has ruled on the matters in Plaintiff Reda's favor.  The issues in this case are therefore now moot. Accordingly,

**AND NOW**, to wit, this 8th day of March 2011, the defendants' motion to dismiss (Doc. 3) is **GRANTED** and this case is **DISMISSED**. The Clerk of Court of directed to close this case.

**BY THE COURT:**

**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**